# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-00363-MR

| | |
|---|---|
| RAYMOND HARRIS, | ) |
| Petitioner, | ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| EDDIE M. BUFFALOE, Jr., Secretary of Department of Public Safety, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed on December 29, 2021, pursuant to 28 U.S.C. § 2254 by Raymond Harris ("the Petitioner"). [Doc. 1]. Also before the Court is the Petitioner's Application to Proceed *in Forma Pauperis*, filed on December 29, 2021 [Doc. 2], Motion for Default Judgment, filed on January 13, 2021 [Doc. 3], and Motion for Leave to File Amended Notice, filed on May 12, 2022 [Doc. 9].

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a § 2254 petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse

the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1). The Petitioner's application shows that he has no income, no monthly expenses, and no assets, cash, or money in any accounts. [Doc. 2]. His prison trust account shows a balance of fifteen cents. [Doc. 2-1]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis* for the limited purpose of this Court's initial review of his petition and related motions.

In conducting its initial review of the § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under Rule 4, the Court may dismiss petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." Carson v. Burke, 178 F.3d 434, 437 (6th Cir. 1999).

As grounds for relief, the Petitioner states that he is "not a 'person' as defined under the statutory construction of legislative laws of the United States and/or state of North Carolina General Statutes..." [Doc. 1 at 1]. He also adds that he is "not a party to any obligation of contracts with anyone

2

and/or to any statutory defined 'person' or United States, State of North Carolina, and/or Judge..." and therefore, "not a party duly convicted under the common law of North Carolina..." [Id. at 2]. His request for relief includes that he be discharged from imprisonment. [Id. at 5].

The Petitioner's arguments are similar to "sovereign citizen" claims brought by *pro se* litigants seeking to challenge the court's jurisdiction over them and their criminal convictions. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x. 105, 106 n.1 (2d Cir. 2013).

However, such sovereign citizen claims lack merit and are frivolous. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012)(finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)(noting that "[r]egardless of an individual's claimed status...as a 'sovereign citizen'...that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily..."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992)(rejecting defendant's claim that he was

3

Case 1:21-cv-00363-MR   Document 11   Filed 08/05/22   Page 3 of 6

outside the court's jurisdiction as "completely without merit" and "patently frivolous").

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. However, the Petitioner's habeas petition is deficient as it fails to specify any valid grounds for habeas relief or supporting facts. Because the Petitioner raises frivolous arguments based upon sovereign citizen theories and fails to set forth any valid claim of relief, the petition shall be dismissed.

In his Motion for Default Judgment, the Petitioner moves for judgment to be entered in his favor on grounds that the Respondent has not yet responded to the § 2254 petition. [Doc. 3]. However, the Petitioner is not entitled to any default judgment as this Court has not ordered the Respondent to respond to the § 2254 petition. Pursuant to the Rules Governing § 2254 Cases, "[t]he respondent is not required to answer the petition" unless ordered to do so by the court. Rule 5(a), 28 U.S.C. foll. § 2254. As such, the Petitioner is entitled to no relief and the motion is denied.

In his Motion for Leave to File Amended Notice, the Petitioner seeks to substitute the current Secretary of the North Carolina Department of Public Safety ("NCDPS") and warden for Central Prison as respondents. [Doc. 9].

4

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. The Secretary of the North Carolina Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4. Accordingly, the Court construes the Petitioner's motion as a motion for substitute of party, grants the motion in part, and directs the Clerk of Court to substitute Eddie M. Buffaloe, Jr., the current NCDPS Secretary as the proper respondent in this action.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Application to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED.**

2. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

3. The Petitioner's Motion for Default Judgment [Doc. 3] is **DENIED.**

4. The Petitioner's Motion for Leave to File Amended Notice [Doc. 9] is **GRANTED IN PART** and the Clerk of Court is directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action. The motion is **DENIED** as to any remaining requests for relief.

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 5, 2022

Martin Reidinger
Chief United States District Judge